UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JAMES L. PHILLIPS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 1:17-CV-41-TLS |
|  | ) |  |
| CHUCK FULLENKAMP, et. al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss [ECF No. 13] the Plaintiff's Complaint, filed on April 26, 2017. On February 1, 2017, the pro se Plaintiff, James L. Phillips,[1] filed a Complaint [ECF No. 1] against the Defendants, Chuck Fullenkamp, Don Knisley, and Wesley A. Schemenaur. The Defendants have since moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7), arguing that this Court lacks subject matter jurisdiction over the case and the Plaintiff's Complaint fails to allege that the Defendants violated a federal right or law.[2] On April 26, 2017, the Plaintiff filed his Response to the Defendants' Motion to Dismiss [ECF No. 16]. The Defendants did not

---

[1] The Court notes that the Plaintiff has previously filed cases within the Northern District and is currently pursuing two cases. The Plaintiff's most recent cases include *Phillips v. Miller*, 1:17-cv-19 (N.D. Ind. May 17, 2017) (dismissed for lack of jurisdiction); *Phillips v. Clay*, 1:16-cv-349 (N.D. Ind. Nov. 9, 2016); *Phillips v. Midstates Concrete*, 1:16-cv-296 (N.D. Ind. Oct. 7, 2016) (dismissed for lack of jurisdiction); *Phillips et. al. v. Jay Randolph Dev. Servs. Inc.*, 1:10-cv-449 (N.D. Ind. Feb. 17, 2017); *Phillips v. Redkey Town Bd.,* 1:17-cv-224 (filed May 22, 2017) (pending with Judge Lee); *Phillips v. Young et. al.*, 1:16-cv-176 (filed May 23, 2016) (pending with Judge DeGuilio). The Plaintiff also filed eight cases in the 1990s.

[2] Though the Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7), they do not argue this basis in their Memorandum in Support of Their Motion to Dismiss [ECF No. 14]. Because the Court dismisses this case pursuant to Rule 12(b)(1), the Court need not reach the merits of the Defendants' Rules 12(b)(6) and (7) arguments.

file a reply. With this matter now fully briefed, the Defendants' Motion to Dismiss is granted for the reasons stated below.

## BACKGROUND

The Plaintiff's claims are difficult to decipher, but they appear to stem from a dismissal judgment entered against him in Jay Superior Court in which he was ordered to pay the Defendants as a sanction for having filed a frivolous claim [ECF No. 14-1]. The Plaintiff subsequently initiated this suit, alleging that he had to pay the Defendants and "want[s] [his] money back" (Compl., ECF No. 1).

## STANDARD OF REVIEW

The Court must first consider the threshold jurisdictional issue before reaching the merits of the case. Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss an action when it lacks jurisdiction over the subject matter. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 945 (7th Cir. 2003); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Ill. v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998).

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the Plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against

jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.) (quotation marks and brackets omitted). The Plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999); *Kirzan v. Apfel*, 35 F. Supp. 2d 672, 675 (N.D. Ind. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls a court's jurisdiction into question. *Sapperstein*, 188 F.3d at 856.

With respect to jurisdiction under 28 U.S.C. § 1332, the proponent of jurisdiction must prove contested factual assertions—for example, where each party resides plus any plans for change of residence for the purposes of domicile, in order to establish diversity of citizenship, and the amount in controversy—by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41, 543 (7th Cir. 2006). Once the facts have been established, the case can be dismissed only "if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id.* at 543.

## ANALYSIS

The Defendants contest diversity of citizenship, arguing that the Plaintiff has failed to indicate in his Complaint that diversity of citizenship between himself and the Defendants, all Indiana residents, exists. Therefore, the Defendants argue that the Court has no subject matter jurisdiction over this matter. In his reply, Plaintiff does not respond to the jurisdictional issue raised, but rather argues that he does not want the case dismissed because he "wasn't allowed to

jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.) (quotation marks and brackets omitted). The Plaintiff has the obligation to establish jurisdiction by competent proof. *Sapperstein v. Hager*, 188 F.3d 852, 855–56 (7th Cir. 1999); *Kirzan v. Apfel*, 35 F. Supp. 2d 672, 675 (N.D. Ind. 1999). The presumption of correctness accorded to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls a court's jurisdiction into question. *Sapperstein*, 188 F.3d at 856.

With respect to jurisdiction under 28 U.S.C. § 1332, the proponent of jurisdiction must prove contested factual assertions—for example, where each party resides plus any plans for change of residence for the purposes of domicile, in order to establish diversity of citizenship, and the amount in controversy—by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41, 543 (7th Cir. 2006). Once the facts have been established, the case can be dismissed only "if it is legally certain that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id.* at 543.

## ANALYSIS

The Defendants contest diversity of citizenship, arguing that the Plaintiff has failed to indicate in his Complaint that diversity of citizenship between himself and the Defendants, all Indiana residents, exists. Therefore, the Defendants argue that the Court has no subject matter jurisdiction over this matter. In his reply, Plaintiff does not respond to the jurisdictional issue raised, but rather argues that he does not want the case dismissed because he "wasn't allowed to

present . . . evidence" in the state court and instead, had to pay a fine as a result of being sanctioned. (Compl.)

Where an action does not arise under the Constitution or laws of the United States, *see* 28 U.S.C. § 1331, a district court still has original jurisdiction if the parties to a case are of diverse state citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). "For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fid. & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citation omitted).

The Court finds that the Defendants have proffered evidence calling the Court's jurisdiction into question by raising to this Court that the Plaintiff and all of the Defendants are Indiana residents and thus, there is no diversity of citizenship in this case. The Court further finds that the Plaintiff has not met his obligation to establish jurisdiction by competent proof. Accordingly, because complete diversity is lacking under 28 U.S.C. § 1332, the Court dismisses this case.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 13] the Plaintiff's Complaint [ECF No. 1].

SO ORDERED on August 31, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT